UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONICA JOHNSON,

    Plaintiff,

v.                                                      Case No. 8:17-cv-2418-T-CPT

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner of
Social Security,

    Defendant.
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of her claim for Supplemental Security Income (SSI) payments. For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1983, has some high school education, and has no past relevant work experience. (R. 41, 68). In September 2014, the Plaintiff applied for SSI, alleging disability as of April 13, 2013, due to depression, anger issues, bipolar disorder, multiple personalities, and post-traumatic stress disorder (PTSD). (R. 87). The Social Security Administration (SSA) denied her application both initially and on reconsideration. (R. 84-111).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on August 9, 2016. (R. 63). When the hearing began, Plaintiff's counsel informed the ALJ that the Plaintiff sought to submit medical records covering the time frame from 2006 to 2009 that, while not material to her alleged disability period, evidenced her history of severe mental illness. (R. 65-66). Counsel further stated that the Plaintiff was incarcerated after 2009 and was unable to obtain medical treatment following her release. *Id.* Although a consultative examination (CE) regarding the Plaintiff's mental conditions had been performed by a Dr. Thomas Trimmer in January 2014 (R. 517-19), counsel nonetheless requested that the ALJ order an updated CE to assess the Plaintiff's current level of functioning (R. 65-66). Following these opening remarks, the ALJ took testimony from both the Plaintiff (R. 67-77) and a vocational expert (VE) (R. 77-81).

On October 5, 2016, the ALJ issued a decision denying the Plaintiff's SSI application without ordering an additional CE. In rendering his decision, the ALJ found that the Plaintiff: (1) had not engaged in substantial gainful activity since her application date of September 26, 2014; (2) had the severe impairments of PTSD, depression, bipolar disorder, and borderline personality disorder; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform a full range of work at all exertional levels, subject to certain non-exertional limitations; and (5) based on the VE's testimony, was capable of performing the requirements of the representative occupations of day worker, window cleaner,

and industrial cleaner. (R. 34-42). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 42-43).

The Appeals Council denied the Plaintiff's request for review. (R. 1-7). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a); 416.905(a).[1] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Regulations prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)); 20 C.F.R. § 416.920(a)(4).[2] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart

---

[1] Unless otherwise indicated, all citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

P, Appendix 1; (4) has the RFC to perform past relevant work; and (5) can perform other work in the national economy given her RFC, age, education, and work experience. *Carter*, 726 F. App'x at 739 (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that he cannot perform the work identified by the Commissioner. *Id*. In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin.*, *Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). Although no deference is given to the Commissioner's legal conclusions, her findings of fact "are conclusive if they are supported by 'substantial evidence.'" *Doughty*, 245 F.3d at 1278 (quotation and citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a

conclusion." *Hargress*, 883 F.3d at 1305 n.2 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)).

### III.

The Plaintiff's sole argument on appeal is that the ALJ erred by declining to order another CE to evaluate the severity of her psychological difficulties. (Doc. 28 at 5-8). In response, the Commissioner primarily asserts that the evidence of record provided an adequate basis for the ALJ's evaluation of the Plaintiff's disability claim, such that the ALJ was under no duty to purchase an additional CE. *Id.* at 8-11. Upon a thorough review of the record and the parties' submissions, the Court finds no cause for reversal or remand.

### A.

Because Social Security proceedings are inquisitorial rather than adversarial, an ALJ has a basic and firmly-established duty to develop a full and fair record of the facts relevant to a claimant's application for benefits. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1269 (11th Cir. 2007). This duty, however, does not require an ALJ to order a CE wherever there is evidence that a claimant may suffer from a particular impairment. Instead, an ALJ "may purchase a [CE] to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow [the SSA] to make a determination or decision on [a] claim." 20 C.F.R. § 416.919a. Importantly,

the ALJ need not exercise this discretion in favor of ordering a CE "as long as the record contains sufficient evidence for [him] to make an informed decision." *Ingram*, 496 F.3d at 1269 (citing *Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001)); *see also Nation v. Barnhart*, 153 F. App'x 597, 598 (11th Cir. 2005) ("The ALJ is not required to seek additional independent expert medical testimony before making a disability determination if the record is sufficient and additional expert testimony is not necessary for an informed decision.") (citations omitted).

A plaintiff seeking remand where an ALJ has declined to order a CE must show not only that the ALJ erred in doing so, but also that the plaintiff was prejudiced by the ALJ's decision. *Mosley v. Acting Comm'r of Soc. Sec. Admin.*, 633 F. App'x 739, 742 (11th Cir. 2015) (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)). Only where "the record reveals evidentiary gaps which result in unfairness or clear prejudice" may a court find that remand is appropriate. *Id.* (quoting *Brown*, 44 F.3d at 935). Ultimately, the claimant bears the burden of proving she is disabled and must therefore produce adequate evidence to support her claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

B.

In this case, there was sufficient evidence for the ALJ to make an informed decision regarding the Plaintiff's mental impairments in accordance with governing Regulations. (R. 35-41). That evidence included the aforementioned records of the Plaintiff's medical treatment from 2006 to 2009; the above-referenced CE performed by Dr. Trimmer in January 2014; another mental health evaluation conducted by Dr.

Fred Alberts, Jr., in August 2014; assessments generated by two SSA psychological consultants, Jermaine Robertson, Ph. D., and John Thibodeau, Ph. D., who reviewed the record in November 2014 and January 2015; the Plaintiff's August 2016 hearing testimony; and function reports that the Plaintiff and her grandmother completed before the hearing. *Id*.

Notwithstanding this evidence, the Plaintiff casts this case as a "classic example" of one where the ALJ was required to order a CE to fully develop the record and identifies various portions of the record, which she asserts support her claim that she suffered from disabling mental impairments. (Doc. 28 at 7-8).[3] This argument fails.

To begin, the Plaintiff does not elaborate on her conclusory contention that this matter constitutes a "classic example" of one where a CE is mandated. *U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n. 13 (11th Cir. 2007) (stating that the court need not address perfunctory and underdeveloped arguments). Her attempts, moreover, to analogize her own situation to the two main cases she cites—*Ford v. Sec'y of Health & Human Servs.*, 659 F.2d 66 (5th Cir. 1981) and *McCall v. Bowen*, 846 F.2d 1317 (11th Cir. 1988)—in which ALJs were found to err by not purchasing a CE, are unavailing. (Doc. 28 at 6-8).

---

[3] Those portions of the record include certain findings from Dr. Alberts's August 2014 mental health evaluation that suggest significant or marked impairments in the Plaintiff's social functioning; Drs. Alberts and Trimmer's mental health diagnoses; the Plaintiff's history of difficulties in navigating school, work, interpersonal relationships, and society in general without succumbing to violent impulses; and the absence of recent medical records at the time of the hearing. (Doc. 28 at 7).

In *Ford*, the ALJ failed to make a clear factual determination as to the severity of the plaintiff's mental condition and gave it short shrift in his administrative decision, despite compelling record evidence of this impairment. 659 F.2d at 69. Such evidence included the medical opinion of a treating mental health counselor who stated that the plaintiff was unable to work due to her mental instability. *Id.* Here, by contrast, one of the mental health professionals who examined the Plaintiff opined that, although the Plaintiff had periods of "marked" dysfunction, she was "usually able to function on a satisfactory basis." (R. 525).

The Plaintiff's reliance on *McCall* is similarly misplaced. That case involved the Commissioner's duty under 42 U.S.C. § 421(h) to make every reasonable effort to obtain the opinion of a qualified psychiatrist or psychologist before making a disability determination, and the Eleventh Circuit has suggested that, by its terms, section 421(h) does not apply to ALJ determinations.[4] *Sneed v. Barnhart*, 214 F. App'x 883, 886 (11th Cir. 2006) (citing *Plummer v. Apfel*, 186 F.3d 422, 433 (3d Cir. 1999)).

To the extent the Plaintiff contends that her mental impairment has worsened since either her release from prison or her last psychological evaluation, this contention lacks sufficient support in the record. After reciting her struggles with participating in

---

[4] Even if section 421(h) were to apply here, the Plaintiff has failed to show that its requirements have not been met. The Court notes in this regard that, as previously mentioned, the Commissioner sought the opinions of two state agency psychological consultants, Drs. Robertson and Thibodeau (R. 93-95, 107-09), before resolving the Plaintiff's disability claim. *Bowers v. Astrue*, 2008 WL 3833239, at *6 (M.D. Fla. Aug. 13, 2008) (implying that examinations by non-examining state agency physicians regarding plaintiff's mental impairments satisfied Commissioner's obligations under section 421(h)).

different facets of society, the Plaintiff points to the fact that she was denied access to health insurance when she lost custody of her child. (Doc. 28 at 8). By her own account, however, medication has done little to control the violent outbursts she believes have rendered her unable to maintain employment. (R. 73). Indeed, she conceded that she did not see what difference medication has made with respect to her mental health. *Id.* Accordingly, any argument that a CE was required to assess the Plaintiff's level of functioning when she did not have access to medication is without merit.

In light of the above, the Plaintiff has failed to identify a gap in the evidence sufficient to call into question the ALJ's decision not to order another CE. To the contrary, the evidence the ALJ had before him adequately informed him of the extent of the Plaintiff's mental health issues, including her ability to carry out activities of daily living despite those issues; her performance on various tests conducted by Drs. Trimmer and Alberts; and the physicians' observations of the Plaintiff's mood, affect, speech, and thought processes. (R. 38-39).

This evidence demonstrated to the ALJ that, despite the severity of the Plaintiff's reported symptoms, she did not seek out or require treatment or hospitalization subsequent to 2009, including—as the ALJ observed—no-cost alternatives when the Plaintiff was unable to obtain health insurance. (R. 38-39). The evidence further demonstrated that, when the Plaintiff did receive such care, her symptoms largely resolved after treatment and detoxification. *Id*.

In sum, the evidence of record provided the ALJ with sufficient information to make an informed decision as to the Plaintiff's disability claim, and the Plaintiff has failed to show that any alleged deficiencies in the record resulted in unfairness or clear prejudice. *See, e.g., Doughty*, 245 F.3d at 1280-81 (finding that two medical opinions coupled with plaintiff's testimony provided ample evidence upon which ALJ could reach a decision without need for a CE regarding materiality of plaintiff's alcoholism); *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999) (rejecting argument that ALJ was compelled to seek additional expert medical testimony before reaching disability determination where record already included opinions of several physicians); *Riddle v. Astrue*, 2013 WL 623896, at *3 (M.D. Fla. Jan. 25, 2013) (disagreeing with plaintiff's assertion that updated CE was needed due to absence of recent medical treatment where record contained 100 pages of medical records from treating physicians and three state agency consultants).

IV.

For the foregoing reasons, it is hereby ORDERED:

1) The Commissioner's decision is AFFIRMED.

2) The Clerk is directed to enter Judgment in favor of the Defendant and to close the case.

DONE and ORDERED in Tampa, Florida, this 28th day of March 2019.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record